UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IDA P. HOOKS,<br><br>        Plaintiff,<br><br>        v.<br><br>SPIRE HOSPITALITY, LLC,<br><br>        Defendant. | Case No. C23-389RSL<br><br>ORDER TO SHOW CAUSE |

    This matter comes before the Court on plaintiff's complaint (Dkt. # 1-1) and defendant's "Notice of Removal" (Dkt. # 1). Having reviewed both filings, the court finds that defendant has failed to allege an adequate basis for subject matter jurisdiction. The court therefore orders Spire Hospitality, LLC, within seven (7) days of the date of this Order, to serve and file a submission that includes information sufficient to establish the court's jurisdiction.

    Spire asserts that the court's jurisdiction is based on diversity of citizenship. Dkt. # 1 at 2. To analyze diversity jurisdiction, the court must consider the domicile of all members of a limited liability company ("LLC"). *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also* Local Rules W.D. Wash. LCR 8(a) ("If plaintiff is asserting that this court has jurisdiction based on diversity, the complaint must identify the citizenship of the parties, and, if any of the parties is a limited liability corporation (LLC) . . . identify the citizenship of the . . . members of those entities to establish the court's jurisdiction."); Fed. R. Civ. P. 7.1(a) advisory committee's note to 2022 amendment (explaining that the rule has been "amended to require a party or intervenor in an action in which jurisdiction is based on diversity

ORDER TO SHOW CAUSE - 1

under 28 U.S.C. § 1332(a) to name and disclose the citizenship of every individual or entity whose citizenship is attributed to that party or intervenor"). Here, Spire alleges that plaintiff is a citizen of Washington, and it is a citizen of Texas and Delaware. Dkt. # 1 at 2-3.

Spire alleges that it is a citizen of Texas under the "nerve center test" because that is where it has its principal place of business. *Id.* at 3. It further alleges that it is a citizen of Delaware because it is "organized under the laws of Delaware." *Id.* at 3. However, as discussed above, LLCs are treated like partnerships rather than corporations and are deemed "a citizen of every state of which its owners/members are citizens." *Johnson*, 437 F.3d at 899. Thus, "[a]n LLC's principal place of business [or] state of organization is irrelevant" for purposes of diversity jurisdiction. *See Buschman v. Anesthesia Business Consultants LLC*, 42 F. Supp. 3d 1244, 1248 (N.D. Cal. 2014).

Relevant to the diversity jurisdiction analysis, Spire also alleges that "[t]he members of Spire's LLC are organized under the laws of Delaware and are citizens of the State of Delaware." Dkt. # 1 at 3. Spire identifies these members as "AWH Management, LLC and TABLE Lane, LLC" in its corporate disclosure statement. Dkt. # 2. Because members of Spire Hospitality LLC are themselves limited liability companies, Spire must provide information about the citizenship of the members of those limited liability companies as well, which is determined in the same manner described above—namely, by establishing the citizenship of each member. *See Johnson*, 437 F.3d at 899 (examining the citizenship of a limited partnership whose partners included limited liability companies by looking to the citizenship of the members of those limited liability companies). This process continues until every layer of limited liability company membership has been reduced to the citizenship of its individual members.

Accordingly, the Court ORDERS defendant to show cause why this case should not be remanded for lack of federal subject matter jurisdiction. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 143 (2005) ("If it appears that the federal court lacks jurisdiction, however, 'the case shall be remanded.'" (quoting 28 U.S.C. § 1447(c))). If defendant fails to provide the court

ORDER TO SHOW CAUSE - 2

with the information described above within seven (7) days of the date of this order, the court will remand this case.

DATED this 23rd day of March, 2023.

Robert S. Lasnik
United States District Judge

ORDER TO SHOW CAUSE - 3